Harrison v. Harrison, adm'r.

---

## HARRISON v. HARRISON, ADM'R.

1. When an account is made out by the creditor, and receipted by him, the presumption arises that it was paid by the debtor. If the creditor in the receipt, states, that he received the money from a third person, it is evidence of that fact against the debtor. So also, if at the time, he had verbally admitted, or declared, such to be the fact, it would be competent testimony against the debtor, as a part of the *res-gestæ.* His subsequent admissions, or declarations, are not evidence of the fact being mere hearsay.

Error to the Circuit Court of Lowndes.

Assumpsit by the defendant, against the plaintiff in error.

10

The declaration was on a promissory note. The defendant relied on a payment, and set-off, and to prove the issue on his. part, proved that he resided on the plantation of the intestate, and transacted his business for him. That during his residence on the plantation, one John Leonard had done ditching on the plantation to the value of $350 or $400, with which the deceased was satisfied, and that Leonard was dead. He then produced an account in the hand-writing of Leonard, made out against the plaintiff's intestate, charging three hundred and fifty-five dollars and eighty cents; to which was a receipt signed by Leonard, of payment of the account, but did not state by whom it was paid. Defendant then offered to prove, that Leonard in his life-time said that defendant had paid the account. It did not appear that plaintiff's intestate was present, when the declarations were made.

The defendant also offered a certificate of one Reefe, as a witness for plaintiff's intestate, in a suit with one Broddus, for six dollars; it was proved that the certificate was genuine, and that the suit had been settled, but how did not appear. All this testimony being objected to, was excluded by the Court, and the defendant excepted.

The matter of the bill of exceptions is now assigned as error.

T. WILLIAMS, for plaintiff in error.

EDWARDS, contra, cited 1 Starkie on Ev. 306; Philips' Ev. C. & H's Notes, 642.

ORMOND, J.—The account offered in evidence, being made out against the plaintiff's intestate, and receipted generally by Leonard the creditor, the presumption arises, until the contrary is shewn, that it was paid by the debtor, the plaintiff's intestate. To repel this presumption, the defendant offered to prove by the declarations of Leonard, that he paid the money.

It is well settled, both in England and the United States, that the entry, or written declaration, of one against his intertate, as where it discharges a demand due from others, or where the entry is made in the usual and ordinary course of

business, is evidence of the facts there stated, in a controversy between third persons. [Philips on Ev. 256.] Thus, in this case, if Leonard had acknowledged in the body of the receipt, or at the foot of the account, that he had received the money from the defendant, it would have been competent testimony, after his death, in this suit, to establish, not only the fact of payment, but by whom the payment was made.. The reason of the rule is, that the declaration is made by one who must know the fact, and had no motive to misrepresent it.

What Leonard said, either verbally, or in writing, at the time of the payment of the money, must be admissible as a part of the *res gestæ*; and upon this ground, it would be unimportant, whether he was dead, or alive when the testimony was offered. His declarations subsequently to the payment of the money, do not come within either of these established principles: not within the first, because not in writing, and made at the time—nor within the second, because not being a part of the *res gestæ*. They are the mere admissions, or declarations of a third person, which are only binding on the person making them, or those claiming through him ; as to all others, they are mere hearsay. [Thompson v. Stevens, 2 Nott & McCord, 494 ; Dunn v. Slee, Holt's N. P. 399 ; Thomas v. Thomas, 2 J. J. M. 60 ; Cleggage v. Swan, 4 Binn. 150 ; Cutbush v. Gilbert, 4 S. & R. 552.]

The witness certificate was properly excluded ; the mere possession of it is no evidence that the defendant had paid the money due upon it ; and if it was, it would still be necessary to show that it was paid by request of plaintiff's intestate.

We think the Court did not err in the exclusion of the testimony, and its judgment is therefore affirmed.