SARAH D. WINCHESTER

*v.*

MARY E. GROSVENOR.

1. NEW TRIAL — *of excessive damages.* Where the jury, finding for the plaintiff, assess the damages at an amount in excess of what the evidence proves the plaintiff is entitled to, a new trial will be granted, unless on remanding the cause, a remittitur is entered for the damages so claimed to be excessive.

2. EVIDENCE — *to explain a receipt.* A written receipt is evidence of the highest and most satisfactory character, and, to do away with its force, the testimony should be convincing, and not resting on mere impressions, and the burden of proof rests on the party attempting the explanation.

APPEAL from the Superior Court of Chicago.

The opinion of the court contains a sufficient statement of the case.

Mr. GEORGE F. HARDING and Mr. F. H. GUION, for the appellant.

Messrs. BARKER & TULEY, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

It appears by the record in this cause, that, in the autumn of 1865, Uri Winchester and T. W. Grosvenor were carrying on the Garden City Brewery in Chicago. Winchester was to furnish the money and buy all the materials, and Grosvenor was to attend to the management of the business and make sale of the beer. The capital Grosvenor had in the business was about $2,500, which was the separate and sole property of his wife, Mary, appellee here, it having been left to her by a deceased relative. In the same autumn, Grosvenor sold out to Mrs. Sarah Winchester, the appellant, and made out a bill of the articles comprised in the sale, which footed up $3,231, for which Grosvenor signed a receipt. The bill of sale was left with H. N. Eldridge, who thinks it was not to be given to Mrs. Winchester until the sum of $300 was paid, which $300 formed a part of the gross sum for which the receipt was given. This gross sum was paid in part by the sale of a saloon which the appellee had accepted in part payment, valued at $1,574.47, and some notes and money paid by appellant, leaving a balance on the bill of sale of four hundred and one dollars and thirty-six cents ($401.36). This balance of $401.36 was to remain unadjusted until the accounts between Uri Winchester and T. W. Grosvenor could be settled, and was to cover any balance due the firm from T. W. Grosvenor, if it should appear on settlement of the partnership concern that T. W. Grosvenor was indebted to the firm, but Grosvenor claimed there was a balance due him on partnership matters. Eldridge, the principal witness, thinks $300 of this receipt was not paid by appellant at the time the receipt was executed and delivered, but was to be paid soon thereafter, or in a few days.

It appears from the testimony of Mr. Leuter, the book-keeper of this brewery, that, at the time of the sale above mentioned, there were some 200 ale barrels and half barrels out in different parts of the city which had been delivered to customers filled, and to be returned when emptied. Those were also sold to appellant at $3.50 each, to be paid for when they were

returned to appellant at the brewery, of which she was to keep an account. They would all come in in two months, in the usual course of business. They were not included in the bill of sale.

This suit was brought to recover the value of these ale barrels, and this $300 Eldridge thought was not then paid, but was to be paid in a few days, although it was then receipted for as paid.

The jury found for the plaintiff, and assessed her damages at $1,100, $100 of which the plaintiff remitted, and took judgment for $1,000, the court having refused a new trial.

The only point necessary to be considered is the amount of this finding. Analyzing the verdict, it will be apparent the jury allowed for the beer barrels, and the $401 which by agreement was not to be paid until the partnership concern was settled, and they refused to allow the deferred $300, as against the receipt of Grosvenor.

The counsel for appellee admit she was not entitled to recover this $401, and we do not think the evidence of Eldridge, about the $300, is sufficient to overcome the receipt given for that amount, as having been actually paid at the time.

That a receipt may be explained by parol, is conceded, but the proof by which it is done must be clear and unmistakable. A written receipt is evidence of the highest and most satisfactory character, and to do away with its force the testimony should be convincing, and not resting in mere impressions, and the burden of proof rests on the party attempting the explanation.

The verdict for the value of the barrels was correct, but for all over them, as the proof stands, it is erroneous, and should have been set aside, and a new trial granted. Should appellee, on the remanding of this cause, desire to enter a *remittitur* for the $300, and take judgment for the balance, he is at liberty so to do.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*