## No. 180.—H. BORDEN v. J. J. HOPE.

A receipt given for money paid is not conclusive between the parties, and may be contradicted or explained by evidence, but, when the evidence offered is contradictory, and that offered on one side entitled to as much weight as the other, the receipt will stand.

APPEAL from the District Court, parish of Caddo. *Levisee*, J. *T. T. & A. D. Land,* for plaintiff and appellee. *J. W. Duncan,* for defendant and appellant.

LUDELING, C. J. It appears that in the summer of 1865 H. Borden and J. J. Hope had a settlement of accounts between themselves, and that Hope was found to be indebted to Borden in the sum of seventeen hundred and sixteen dollars. It further appears that this sum was paid by Hope with United States treasury notes and the notes of

different banks in the Southern States—the notes of the banks being taken at seventy-five cents on the dollar.

In March, 1866, this suit was instituted to make the defendant pay the difference between the actual value of the bank notes and seventy-five cents on the dollar, on the ground that Hope had guaranteed the notes to be worth seventy-five cents on the dollar.

On the trial of the cause the plaintiff offered the testimony of one Rushmore to prove that Hope had warranted the value of the bank notes. The defendant objected on the ground that the testimony was intended to contradict and vary a written paper signed by C. B. Rushmore, agent of the plaintiff, creating an obligation between the plaintiff and defendant in reference to the subject matter referred to in the testimony. The objection was correctly overruled.

It has often been decided that a receipt for money paid was not conclusive between the parties, but that it was open to explanation by evidence. 5 An. 235, 408; 14 An. 274; 12 An. 401.

On the merits the sole question is, did the defendant guarantee that the bank notes were worth seventy-five cents on the dollar? The testimony of Rushmore on the one side is diametrically opposed to the testimony of Hope on the other side. Rushmore swears positively that Hope did guarantee the value of the notes, while Hope swears he did not. He says "he did not undertake to make up the difference to Borden between seventy-five cents on the dollar and what that money should be worth on that day—sixth July, east of the Mississippi river."

The witness Rushmore alone testifies in favor of the position of the plaintiff, and he was the agent of the plaintiff in making the settlement with Hope, and, according to the testimony of Hope, Rushmore had stated to him that Borden intended to make him, the agent, pay the difference. Both witnesses, therefore, were interested in the suit, and one is entitled to about as much credit as the other.

The receipt given by Borden is in the following words: "Received of J. J. Hope the sum of seventeen hundred and sixteen dollars and seventy-five cents *in full of all demands to date.*"

It is *prima facie* proof of what it contains. The evidence offered by the plaintiff has not rebutted that proof.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be avoided and reversed, and that there be judgment in favor of defendant for costs of both courts.