BERNARD ROSENMUELLER *et al.*

*v.*

FRANK A. LAMPE.

1. EVIDENCE—*receipt in full.* A written receipt in full for services is evidence of the highest and most satisfactory character, and to do away with its force the testimony should be convincing.

2. ACCORD AND SATISFACTION—*money paid on settlement of disputed claim.* Where a sum of money is paid in settlement of a disputed claim, in which a greater amount is claimed, it is a good accord and satisfaction, and a bar to a subsequent suit for the balance claimed.

3. FORMER JUDGMENT—*when a bar to second suit.* Where a party was employed by the trustees of a church to perform certain services for one year, for a fixed compensation, and afterwards performed similar services in the next year at the request of the priest, on the promise of the same compensation, and after all the services were performed recovered judgment against the trustees for a balance due him for the first year, before a justice of the peace, and then sued for a balance due on the last year, it was *held,* that the first recovery was a bar to the second suit, it being considered as growing out of the original contract.

4. SPLITTING *cause of action.* An entire claim arising, either upon a contract or from a wrong, can not be divided and made the subject of several suits; and if several suits be brought for different parts of such a claim, a judgment on the merits in either will be available as a bar in the other suits.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

This was a suit by appellee against appellants, as trustees of the Lebanon Catholic Church, brought on the fourth day of November, 1876, for $199.80, claimed to be due for services for teaching school and for church services, in which appellee recovered a judgment for that amount, and the defendants appealed.

According to the testimony of appellee, in October, 1874, the trustees appointed him as teacher in their school, he being engaged for ten months, and to get one dollar from each child, and when the children were too poor to pay it, the congregation was to make up the dollar, and besides this, they promised him $100 for church services. After the first year the priest told him he should stay another year, which he did, teaching ten months the second year, performing the church services of ringing the bell and playing the organ on Sundays. On his bill for services the second year, he acknowledges to have received of the children $134.20, and of the trustees $100, leaving the balance claimed of the latter $199.80. The testi-

mony is clear that the trustees did not employ appellee the second year, and they denied any liability on account of the second year's services, but, after they had been rendered, they felt willing to pay appellee $100, as they had paid that the year before, and that is all they were to pay, as they testify, under their employment of appellee the first year. Appellee ceased teaching, and his services ended, at the close of June, 1876.

July 10, 1876, the trustees paid him $100, for which he gave this receipt:

*"Lebanon, Ill., July* 10, 1876.

Received of J. C. Mueller, treasurer of the Catholic Church, $100, in full for salary as teacher, and services in church, from September 1st, 1875, to July 1st, 1876.

FRANK A. LAMPE."

On July 21st, 1876, appellee brought a suit against the appellants, as trustees, etc., before a justice of the peace in St. Clair county, for $54.65, on a "demand for services for teaching school, and attending to church, and ringing the bell," and recovered judgment therefor in that suit July 29, 1876, which was subsequently collected on execution.

Mr. JAMES M. DILL, and Mr. WM. C. KUEFFNER, for the appellants.

Messrs. KŒRNER & TURNER, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

Upon the facts in this case, we do not see how this judgment can be sustained. After the performance of all these services appellee was paid $100 on account of them, and gave a written receipt for that sum as in full for salary as teacher and services in church, from September 1st, 1875, to July 1st, 1876. It is for such services during that period that the suit is brought.

As we said in *Winchester* v. *Grosvenor*, 44 Ill. 425, a written receipt is evidence of the highest and most satisfactory character, and to do away with its force the testimony should be convincing.

No such convincing testimony, in our view, was introduced here.

The $100 would appear to have been paid in settlement of a dispute between the parties, appellee claiming more at the time, according to the testimony. It is, then, a good accord and satisfaction. *Stover* v. *Mitchell*, 45 Ill. 213; *Nichols* v. *Bradsby*, 78 id. 44.

Again, after the cause of action upon which this suit was brought had fully accrued to appellee, he brought suit against appellants, and recovered a judgment for $54.65 for services rendered the first year, which was final, and was paid. This, we conceive, bars the present suit. The rule is fully established, that an entire claim, arising either upon a contract or from a wrong, can not be divided and made the subject of several suits; and if several suits be brought for different parts of such a claim, a judgment upon the merits in either will be available as a bar in the other suits. *Camp* v. *Morgan*, 21 Ill. 256; *Lucas* v. *LeCompte*, 42 id. 303; *Casselberry* v. *Forquer*, 27 id. 170. The two years' services having been performed, and any claim therefor due, when the first suit was brought, we think it should be viewed in the light of an entire demand, incapable of division, for the purpose of prosecution. And this, even under the more restricted rule laid down in *Secor* v. *Sturgis*, 16 N. Y. 548, qualifying somewhat the extent, in this respect, of former decisions in that State. The claim for the respective years' services must be considered as growing out of the one contract made in 1874.

The judgment is reversed and the cause remanded.

*Judgment reversed.*