CHARLES D. GAMMON AND CHARLES HENNACK

v.

CATHERINE HAVELOCK.

*Master and Servant—Negligence of Servant—Injury to Third Person— Master's Liability—Evidence—Pleading—*Remittitur.

1.   Testimony that a certain bill was incurred does not sustain an allegation of payment.

2.   There being no evidence that anything had been paid for medical services, it was error under a declaration only charging payment, to admit evidence of an amount of indebtedness merely incurred.

3.   In the case presented, this court reverses the judgment for the plaintiff, permitting her to remit the amount so shown to have been incurred, and take judgment for the balance of the verdict.

[Opinion filed March 13, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. J. P. ALTGELD, Judge, presiding.

Messrs. WOLFRED N. LOW and E. A. PRITCHARD, for appellants.

Mr. F. H. TRUDE, for appellee.

WATERMAN, J.   In this case the declaration alleged that the defendants with force and arms drove their wagon upon the wagon of the plaintiff, throwing her out and causing injuries, so that the plaintiff was compelled to and did pay out $300 in being cured thereof.

The evidence was that the team of the defendants was being driven by their servant, and this, it is said, will not sustain a count of trespass *vi et armis*, but is only applicable to an action " on the case."

If from the first count of the declaration the words " with force and arms " be stricken, it would be a good count in case.

There was no evidence that the plaintiff had actually paid out anything for medical attendance, and the testimony that she had incurred a bill of $150 therefor, does not sustain the allegation of payment. The evidence of indebtedness for medical services should have been excluded and the second instruction asked for by appellants, given. Richardson v. Chasen, 59 O. L. 756; Cumming et al. v. Hackley et al., 8 Johns. 202; 2 Chitty on Contracts, 880.

For the error in this regard, the judgment of the court below must be reversed and the cause remanded. As under the evidence the jury could not have allowed more than $150 on account of expenses incurred for medical services, following the action of the Supreme Court in Winchester v. Grosvenor, 44 Ill. 425, should appellee on the remanding of this cause, desire to enter a *remittitur* of $150 and take judgment for the balance, she is at liberty to do so.

*Reversed and remanded.*