## Elizabeth Mueller v. Kate Kuhn.

1. APPELLATE COURT PRACTICE—*Specific Objections to Evidence.*—Specific objections to evidence or specific grounds for a motion can not be for the first time raised on appeal, if they are of a kind which, if made specifically in the trial court, might have been obviated.

2. SAME—*General Objections in the Court Below.*—A party ought not to be permitted, after interposing a general objection in the court below, to insist on particular objections in this court, which, if suggested in the court below, might have been removed.

3. DAMAGES—*Liability to Pay, etc.*—A liability to pay without payment may be shown as an element of damages, unless payment is averred.

4. FAMILY EXPENSE—*Medical Services.*—Medical services are a family expense for which both husband and wife are liable.

**Trespass,** for assault and battery. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed June 24, 1895.

JAMES LANE ALLEN, attorney for appellant.

MATZ & FISHER, attorneys for appellee.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The judgment of $500, from which this appeal is prosecuted, was recovered in an action of trespass on the case brought by the appellee against her half-sister, the appellant. The verdict was for $900, from which the appellee remitted $400, presumptively because the trial court required it as a condition for not granting a new trial.

Had the remittitur been of twice the amount that was remitted, we should be much better satisfied to let the judgment stand. But we are unable to discover in the record any sufficient ground for a reversal that is open to us to act upon. Substantially every material fact concerning the alleged assault and battery was the subject of conflicting evidence by numerous witnesses on both sides.

No instructions were given for the appellee and every instruction that was asked by the appellant was given without modification.

The extent of the injuries received by the appellee in the physical contest, which the jury must have found, upon evidence that was conflicting, was begun by the appellant, was found upon evidence that we can not certainly say was untrue or improperly exaggerated, and therefore that the damages awarded are clearly excessive, vindictive or punitive in character.

The quarrel had its inception in the question that arose between the parties over the fact of whether a " plugged " silver dollar was paid by the appellee to the appellant for the daily rent of a small butcher shop, and two living rooms in the rear.

On direct examination of appellee by her counsel, the following questions, answers, objection and motion, occurred:

" Q.   What was that trouble?  Tell that story.  A.   It was on account of a dollar.  We paid a dollar rent every night.

Q.   What kind of a lease did you have there?  How was the rent paid?  A.   We was to pay a dollar every night; that was the agreement.

Counsel for the defendant objected to the question with reference to the lease and rent as improper and irrelevant. The objection was overruled and counsel for defendant then and there excepted.

Q.   Had you been paying that rent right along?  A. Yes, sir.

Q.   Did you pay it to Mrs. Mueller?  A.   Yes, sir.

Q.   Then you paid the rent promptly to that time?  A. Yes, sir.

Q.   What was the trouble about?  A.   Peter Mueller came in and as usual got the rent.  My husband paid it to him, and he went up stairs; then he came down again and said that the dollar was bad; then he called my husband a name and said he had given a bad dollar to him, and my husband says, 'If I did give it to you, I did not give it

with bad intentions,' and he said if he had come in like a gentleman he would have talked to him about it.

Mr. Meier (attorney for defendant): I move that all the testimony in reference to lease and rent be stricken out. Motion overruled and exception taken."

It is urged that the objection and motion should not have been overruled because the effect was to prove the terms of a written lease by oral testimony. The objection was, that the question with reference to the lease and rent was improper and irrelevant.

It does not seem to be so. It was proper by way of introduction in order that the court and jury might know what the dollar was paid for; what the relations of the parties were that required the payment of the dollar. Had the objection been upon the ground that verbal evidence of a written lease is inadmissible, the court might have ruled otherwise, although it had not, up to that time, been made to appear, by statement of counsel or otherwise, that the lease was in writing.

The subsequent motion to strike out all evidence in reference to the lease and rent, was predicated upon no specified ground, and was properly denied. So far as then appeared the lease may have been a verbal one, and in such case oral evidence of its terms was proper.

Specific objections to evidence, or specific grounds for a motion, can not be for the first time raised on appeal, if they are of a kind which, if made specifically in the trial court, might there have been obviated or cured.

A party " ought not to be permitted, after interposing a general objection, to insist on particular objections in this court, which, if even suggested in the court below, might have been instantly removed." Sargeant v. Kellogg, 5 Gil. 273; P. & O. R. R. Co. v. Neill, 16 Ill. 269; Crawford v. C. B. & Q. R. R. Co., 112 Ill. 314.

On cross-examination of the appellee by appellant's counsel it was made to appear for the first time that the lease was in writing, but the motion to strike out was not then, or afterward, renewed.

We can discover no error in the record and reluctantly affirm the judgment.

MR. PRESIDING JUSTICE WATERMAN.

I assent with much reluctance to the affirmance of this judgment. The preponderance of the evidence seems to me to be with the appellant.

I do not think that suits of this kind arising from quarrels between sisters are to be encouraged. Whatever may be the truth as to this unfortunate affair it would have been more becoming had it never been brought into court.

On petition for rehearing the appellant—encouraged by the reluctance of the court to affirm this judgment—urges that "pain and suffering are elements which must be allowed for in cases only where punitive damages are to be given;" and that as the surgeon's bill had never been paid and is now "outlawed" no actual damages are proved. A liability to pay — without payment — may be proved as damages, unless payment is averred. Richardson v. Chasen, 10 Ad. & El. N. S. L. 756; cited in Gammon v. Haverlock, 40 Ill. App. 268.

And medical services are a family expense, for which both appellee and her husband are liable. Walcott v. Hoffman, 30 Ill. App. 77.

Nor can they be required to set up the statute of limitations as a bar to an honest debt. 13 Eng. & Am. Ency. of Law, 706.

"Pain and suffering," both of body and mind, are the subjects of compensatory—not punitive—damages. City of Chicago v. McLean, 133 Ill. 148.

We remain "unable to discover in the record, any sufficient ground for a reversal that is open to us to act upon," and the petition is denied.