[Sac. No. 106.    Department One.—October 24, 1896.]

# E. NORTHROP, ADMINISTRATOR, ETC., RESPONDENT, *v.* WILLIAM KNOTT, APPELLANT.

BAILMENT—DEPOSIT OF MONEY FOR SAFEKEEPING—ACTION BY ADMINIS-TRATOR OF BAILOR—EVIDENCE—RECEIPT—PAROL PROOF—ADMISSIONS OF BAILEE.—In an action by the administrator of a deceased bailor to recover money deposited with the defendant for safekeeping, to be returned on demand, a receipt for the money by the defendant is admissible in evidence, and it may be shown by parol proof that the money was received as a deposit and not as a payment, and for this purpose proof of the admission of the bailee that he received the money on deposit, and had used some of it to loan it and receive one-half of the interest, is sufficient.

ID.—EVIDENCE OF NONPAYMENT—POSSESSION OF RECEIPT. — The receipt having been given as evidence of a liability for money deposited, its possession by the administrator of the bailor is evidence of its nonpayment.

ID.—DECLARATION OF BAILEE — LOSS OF MONEY — INSUFFICIENT PROOF — PLEADING.—A declaration of the bailee that he could explain what became of the money, in so far as it might seem to intimate a loss of the money under circumstances which relieved the bailee from liability, cannot avail where no such defense was pleaded, nor any offer made to prove such a defense, nor any explanation given as to what the circumstances were, but the bailee stood upon the explicit denial in his answer that he had ever received the money.

APPEAL from a judgment of the Superior Court of Plumas County.   G. G. CLOUGH, Judge.

The facts are stated in the opinion.

*C. E. McLaughlin*, for Appellant.

The court erred in admitting in evidence the receipt dated May 29, 1892.   It is uncertain, ambiguous, and unintelligible, and does not show that William Knott received moneys on deposit.   No witness testified that Knott received money from, or had seven hundred and twenty dollars and thirty-seven cents of Peterson's funds, unless the declarations of Peterson to Hegard be taken as leading to that conclusion, and this cannot establish the fact.   (*Fischer* v. *Bergson*, 49 Cal. 294, 297; *Mattingly* v. *Pennie*, 105 Cal. 524; 45 Am. St. Rep. 87; *Hutchings* v. *Castle*, 48 Cal. 152, 156; *Breckinridge* v. *Crocker*, 78

Cal. 535.) The evidence is insufficient to support finding number 3. It was necessary to plead and prove nonpayment. (*Farmers' etc. Bank* v. *Christensen,* 51 Cal. 573; *Scroufe* v. *Clay,* 71 Cal. 124; *Bank of Shasta* v. *Boyd,* 99 Cal. 606; *High* v. *Bank of Commerce,* 103 Cal. 527; *Lux* v. *Haggin,* 69 Cal. 418; *Barney* v. *Vigoreaux,* 92 Cal. 632; *Notman* v. *Green,* 90 Cal. 172; *Scott* v. *Wood,* 81 Cal. 402.) The mere delivery of money by one party to another, unexplained, is presumptive evidence of payment of an antecedent debt, and not a loan. (19 Am. & Eng. Ency. of Law, 205.)

*Woodwin & Webb,* for Respondent.

As Knott was the only person who could have shown that the transactions were not what the evidence tends to show them to be, and he refused to give any explanation, the court was compelled to take the *prima facie* showing made by the whole testimony. The receipt had not been taken up by defendant, and its production at the trial by plaintiff was evidence of nonpayment. (*Farmers' Bank* v. *Christensen,* 51 Cal. 572; *Turner* **v.** *Turner,* 79 Cal. 566.)

HAYNES, C.—This action was brought to recover from the defendant seven hundred and twenty dollars and thirty-seven cents. The complaint contained two counts; the first for money loaned, and the second was for the same amount alleged to have been deposited with the defendant for safekeeping, to be repaid upon demand.

The answer to the first count denied that he borrowed the said or any sum of money from plaintiff's intestate, or that he was indebted to said estate for any sum whatever; and, in answer to the second count, the defendant denied that plaintiff's intestate, or anyone for him, deposited with or delivered to defendant for safekeeping, or for any purpose whatever, or at all, said or any sum of money whatever, and also denied the alleged indebtedness.

The cause was tried by the court without a jury, and the findings were to the effect that the money in question was deposited with the defendant for safe keeping, to be returned upon demand; that plaintiff demanded it, and that defendant failed and refused to repay the same, or any part of it, and that the whole sum remained unpaid.

Some exceptions were taken by the defendant to rulings upon the admission of evidence, and it is also contended that the findings are not justified by the evidence.

The plaintiff testified in substance that on December 13, 1892, he met the defendant and told him that he was administrator, and asked him to deliver the effects of Thompson, alias Peterson, to him. "I told him I had a statement calling for money. He said he had [had?] money on deposit there of Thompson's, but he did not have any then; that he could explain in regard to the money, and what became of it, but he did not do so. He said he used some of Peterson's money to loan, and was to have one-half the interest. He did not pay me any money. I told him I had a statement—a document—I could not describe the document—calling for so much money."

Two notes delivered to the plaintiff by defendant, were shown to the witness and identified by him. The first was a note made by M. J. Noee October 31, 1891, at one year, for the sum of one hundred and sixty-eight dollars. The second note was made by W. P. Sutton June 15, 1892, at eighteen months, for two hundred and fifty dollars. The witness further testified that defendant told him these notes belonged to Peterson. A receipt which was received in evidence against defendant's objection, is as follows:

"MOHAWK, May 29, 1892.

"Received from Mathias Thompson seven hundred and twenty dollars 37 cents. One note Mr. Michel Nayo 160 and note W. P. Sutton 250          1130.37

"Wm. Knott                                      1337."

Plaintiff also testified to other conversations with the defendant, and added "that at all these conversations I had with. him he stated to me that he had no money belonging to the estate, and did not owe the estate anything." The receipt copied above was not shown to the defendant at any of these conversations.

At the conclusion of the evidence on behalf of the plaintiff the defendant moved for a nonsuit, upon the ground that it was not proven that said, or any, sum of money was ever deposited with or loaned to the defendant, or that, if so deposited or loaned, that it had not been repaid. The nonsuit was denied, and the cause was submitted upon the evidence introduced by the plaintiff.

Defendant's objection to the admission of the receipt in evidence was not well taken. It was, at the least, *prima facie* evidence that the defendant had received from plaintiff's intestate the amount of money therein expressed, and unexplained and unimpeached was conclusive evidence of that fact, and the receipt of the money by the defendant was a necessary step in establishing plaintiff's cause of action. The execution of the receipt by the defendant was admitted, and, even if the purpose for which the money was delivered to defendant was essential to its admissibility, persuasive evidence that it was delivered as a deposit had been given.

In considering the sufficiency of the evidence to justify the finding that the money was received by the defendant as a deposit, it is not necessary to decide what inference should be drawn from the unexplained acknowledgment of the receipt of the money. Such acknowledgment would appear to be equally consistent with a payment, a loan, or a deposit, and hence the purpose for which the money was delivered and received may be shown by parol or other competent evidence, and for this purpose the admissions of the defendant testified to by the plaintiff, in the absence of all contradiction or explanation, were quite sufficient to justify

the finding that the money in question was received by the defendant on deposit, and not as a loan or in payment of a debt. The defendant was a competent witness as to conversations or transactions between himself and the plaintiff, and, therefore, the plaintiff's testimony as to defendant's statements must be taken as true, the defendant having declined to testify. The acknowledgment that he had had money on deposit, that he had used some of Thompson's money to loan it and to receive one-half the interest, would certainly tend to prove that the money was not delivered to him in payment of a debt, and was delivered to him as a loan or deposit.

But it is contended by appellant that there is no evidence to sustain the finding that the deposit had not been repaid. This contention cannot be sustained. The receipt having been given for money deposited was evidence of a liability on the part of the defendant to the depositor, and, upon repayment of the money, he was entitled to a surrender of the receipt, or, if the receipt embraced other things, as promissory notes, for safekeeping, he was entitled to have the return of the money indorsed upon it; and the possession of this evidence of liability by Thompson and his administrator, like the possession of a promissory note by the payee after maturity, is evidence of its nonpayment. It is true the defendant in his conversation with plaintiff denied that he had the money then, or was indebted to the estate, but he did admit that he had had money belonging to Thompson, and said he could explain what became of it. In all this there was no hint of payment, and the most that can be claimed for it in defendant's favor is that the money had been lost under circumstances which relieved him from liability. No such defense was pleaded, nor was there any explanation as to what the circumstances were, nor any offer to prove such defense, but he stood upon the explicit denial in his answer that he had ever received the money for any purpose, or at all.

The judgment appealed from should be affirmed.

BELCHER, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

HARRISON, J., VAN FLEET, J., GAROUTTE, J.