Maevin, J.
In the case of The North British & Mercantile Insurance Company against Harris Cohn, the suit was brought in the Court of Common Pleas by Harris Cohn against the plaintiff in error here, the insurance company, based upon this state of facts:
On the 13th of March, 1894, the insurance company issued a policy of insurance upon the property of the defendant in error, the plaintiff below, covering various items of property, and the policy which is attached to the petition as an exhibit shows that there were four items' of property specified in the policy: first, on a stock of merchandise upon which there was an insurance of $750.00. Then there were three other items: a button-hole machine on which there was an insurance of $75.00; a sewing machine,$20.00; store furniture and fixtures, $30.00. The aggregate of the indemnity provided for in the policy is $875.00.
*186 There were other insurances permitted by the terms of this policy upon the same property, and other insurance was taken out. On the 21st day of March, 1894, a fire occurred by which some of this property was destroyed and the balance greatly injured, and the suit below was brought to recover for the damage sustained by Cohn by reason of this fire and, as claimed, provided to be paid by this policy of insurance.
To the petition the insurance company set up a number of defenses, one of which only was urged here, and that was the fourth defense set up in the answer. This defense sets up that on the 10th day of July, 1894, Oohn brought a suit before a justice of the peace against the insurance company for the loss occurring at this same fire, by the destruction of certain of the property covered by this same policy of insurance,but not for the same item for which this suit was brought. In that actioD he recovered judgment for $80.00 and costs. That judgment has since been paid. That action is set up as a bar to the action to reverse which this preceding is brought. This suit was brought on the 7th day of July, 1894, in the court cf common pleas; as has already been said, the suit before the justice of the peace was brought subsequent to that time. The suit was brought before the justice of the peace on the 10th of July, and a judgment recovered on the 16th of July. The court of common pleas was asked to charge the jury that the suit before the justice of the peace was a bar to this suit. This the court refused to do, but did charge the jury that it was not a bar. Unless there was error in the action of the court in refusing to. charge that the suit before the justice of the peace was a bar, and in charging it was not a bar, then this case is not to be reversed. If there was error in such charge and refusal, then it is to be reversed. That, and that only, is the matter urged here,
The authorities seem to be uniform, possibly with one *187 exception in Illinois. There is a late case in Illinois in which it was held that a suit, brought for interest upon a promissory note after the note itself by its terms became due, was no bar to a suit upon the note itself for the principal. The court say that the promise to pay interest was a distinct and separate promise from the promise to pay the principal. That case is Dulaney v. Payne, 101 Ill., 325. Herman on Estoppel and Res Judicata says this of that case: “How this principle” (discussing the case and quoting from it) “agrees with the following rule laid down by the same court, is difficult to ascertain.” Then he quotes from a case found in 89 Ill., 212, Rosenmueller et al. v. Lampe, where it was held, ‘that the first recovery was a bar to the second suit, it being considered as growing out of the original contract;”' the judgment therein constituted a bar to the second suit.
Aside from that case, as has already been said, the authorities seem to be uniform that where one brings a suit upon a contract- — -a suit for some part of a claim when several claims have already become due under that contract, he is barred from prosecuting a suit for some other part of the money claimed to be due under that contract.
There are a large number of authorities cited to us in the brief of counsel, in addition to which attention is called to the case of Jarrett & Deal v. W. R. Self, 89 N. C. Repts., 478; the first clause of the syllabus reads:
“Where a single contract is made for furnishing certain specified articles, at prices fixed for each, the plaintiff cannot be allowed to ‘split up’ the account and recover upon eaah item separately.”
Second clause of syllabus:
“If there are several payments due under one and the same contract at the time a suit is brought to recover one installment, a judgment for the amount of the latter will be held to be in satisfaction of the whole, as all the sums, *188 being due, could have been included in the action. But it is competent for the plaintiff to sue and recover upon each as it falls due, and in the court having jurisdiction of the same. ’.’
Third clause of the syllabus:
“Where the plaintiff ‘splits up’ his account, due under a single contract cognizable in the superior court, and brought actions before a justice .of the peace, it was held upon appeal that the superior court did not acquire jurisdiction of the whole amount by consolidating the cases into one action. The appellate jurisdiction is derived solely from the rightful one assumed by the court below.’’
In 30 Pa. 196, Logan v. Caffrey, the syllabus reads:
“Where labor is performed for another, at various times, under the same entire contract, and there is a recovery in one suit upon such contract, the party cannot maintain a second action, even on clear proof that no evidence was given in the first, as to part of the demand in controversy.
“Nor will a formal withdrawal from the consideration of the jury of one of the items claimed in the first suit, and the entry of such withdrawal on record, enable the party to maintain a second action to recover the item so withdrawn.”
This was a cause where a party brought suit before an alderman for $315.30, made up of two items. For 49 days’ work performed by plaintiff for defendant between July 10th, 1854, and September 16th, 1854, at $1.12-|per day, and for 67j| days-’ work, between November 7th, 1854, and February 5th, 1855, at $1.00 per day. The plaintiff asked and was permitted to withdraw his second claim, at $1.00 per day for 67J days, so that the trial was had only upon the item of 49 days’ work at $1,12-| per day; but the court said that it was clear that there was but one contract entered into, though the price was different, and there were two different times. The 67¿ days was withdrawn by the plaintiff in his first action, and no evidence was introduced about it, and yet it was held that the first action barred recovery of the second because there was but one contract under *189 which the plaintiff worked, and it all being due at the time the suit was brought, the plaintiff would not be permitted to split up his action and sue for a part and recover or proceed to final judgment for that part, and then maintain another action for the balance of the labor performed under that contract.
In the case of Burritt v. Belfry, 47 Conn., 323, the syllabus reads:
“While a suit for several months’ rent was pending in a city court, the rent being payable monthly under a parol lease for a term of years, another.suit was brought before a justice of the peace for an additional month’s rent, but which was due when the former suit was brought and judgment was taken for the same. Both suits were general as-sumpsit for use and occupation. Held, that the judgment in the second suit was a bar to the first suit.
“The'principle that a judgment for a part of an entire demand is a bar to any other suit for another part of the same demand, is everywhere inflexibly maintained.
“Where several payments have become dueupon a single agreement, express or implied, the demand is to be regarded as an entire one:
“The omission to plead the first suit in abatement of the second was not a waiver of the right to plead the judgment in bar of the first suit.”
Attention is here called to this case because of the facts that the suit before the justice of the peace was commenced subsequent to the bringing of the suit in which judgment is sought to be reversed in this action; but the suit before the justice of the peace proceeded to judgment, and the fact that the suit, which was then pending in the court of common pleas, was not plead as a bar in that action, does not, as we hold, prevent the pleading of that judgment as a bar in this case. The facts were the same,as far as that is concerned, in this case cited from 47 Conn.
The case in 19 Wend., 207, Bendernagle v. Cocks, is to the same effect, And, without stopping to read from it *190 and the authorities cited in the several cases to which attention is called and in Herman on Estoppel, it fully establishes, as we hold, the proposition that the suit before the justice of the peace was a bar to the prosecution of this suit.
Everett, Weed & Meals, for Plaintiff in Error.
W. S. Kerruish, for Defendant in Error.
It was urged in argument here, that the court might inquire into the question of whether the facts — the claim made here, was actually tried in the other action, and authorities were cited that in many cases an inquiry may be made as to what was adjudicated in the case which was plead as a bar to the case on trial; but none of those cases hold that where the matter which was tried in the case plead as a bar, was for something due under the one contract and due at the time that the suit was brought, a recovery may be had in a separate action.
We hold that there was error on the part of the court of common pleas in refusing to charge that the suit before the justice of the peace was a bar to this suit,
In 47 Conn,, 323, the court in the opinion say, that the principle is so well established, it has been held, as in that case, although very great hardship may result from it— just as may in this case.
Yet we think that this case must be reversed for the reason given. For that reason, and that reason alone, the judgment of the court of common pleas is reversed.