EAGLE BREWING COMPANY *vs.* MICHELE COLALUCA.

JULY 2, 1915.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1) Evidence. Relevancy. Admissions Against Interest.*

In an action by a corporation for the price of goods sold, evidence as to a conversation between the vice-president of the corporation and a third party, offered by defendant as an admission against interest, without any evidence of his authority to act for the corporation, about a past transaction, with which he had nothing to do, was properly excluded.

*(2)   Sales.   Payment.   Burden of Proof.*

In an action for the price of goods sold, the burden is upon defendant to prove payment claimed by him to have been made, by a fair preponderance of the evidence.

*(3)   Release.   Receipted Bill.*

A receipted bill is not a release, but is only *prima facie* evidence of the facts stated and may be explained or contradicted by parol. It is not therefore within the provisions of Gen. Laws, 1909, cap. 253, §§12, giving the same effect to an "instrument purporting to be a release" whether with or without a seal.

*(4)   Sales.   Receipts.*

In an action for the price of goods sold, requests to charge that "an itemized bill marked paid or received is a receipt for the items contained in the bill" and "where a receipt is written, signed and delivered by a creditor or his agent, to the possession of a debtor, it is *prima facie* evidence of payment," were proper and should have been granted and their refusal constituted reversible error, for where a defendant on whom rests the burden of proving payment puts in evidence a receipted bill as *prima facie* evidence of payment, the adverse party is called upon to explain or disprove it.

*(5)   Sales.   Receipts.*

In an action for the price of goods sold, request to charge that "a receipt is evidence of the highest and most satisfactory character, and to do away with its force, the testimony should be convincing" was properly refused, since a receipt is not conclusive, but may be disputed and contradicted by parol.

*(6)   Sales.   Receipts.*

In an action for the price of goods sold, request to charge that "when the evidence on one side is entitled to as much weight as on the other, the receipt will stand" was properly refused, as made, since it did not exclude the receipt in comparing the weight of evidence on one side with that of the other.

ASSUMPSIT.   Heard on exceptions of defendant and certain exceptions sustained.

BAKER, J.   This is an action in assumpsit to recover the sum of $2,739.80 claimed to be due as a balance on book account.

The defendant in 1910 was a wholesale liquor dealer in Providence, conducting business under the name of Colaluca Brothers.   For some years he had purchased ale and beer of the plaintiff.   On April 13, 1910, he was indebted to it for a net balance of $2,500, which represented an in-

debtedness for ale and beer which had accumulated during a considerable period of time, and also the sum of $583, which was the net price of ale and beer purchased by him from the plaintiff from March 16, to April 8, 1910, both dates inclusive. The plaintiff admits that it was paid $583 on April 13. The claim sued upon includes the item of $2,500 and an additional sum of $239.80 for purchases made after April 8, 1910. The defendant admits the indebtedness of $239.80, but claims that on said April 13 he paid the entire amount then due to plaintiff, namely, $3,083. The only matter in dispute, therefore, is as to whether or not the sum of $2,500 was paid on April 13. Whatever sum was paid that day was given to John J. Ballam, the treasurer of the plaintiff corporation. It is admitted that he was authorized to collect whatever might be due from the defendant to the plaintiff and to receipt for the same.

The testimony shows that sometime in the forenoon of April 13, Mr. Ballam went to defendant's place of business with two bills for goods sold the defendant. The first item on the larger of the bills is "Balance net $2500.00," following this are nine separate charges for lager, amounting in quantity to 109 halves and 237 quarters. The smaller bill consists of three items, charging in all, 10 barrels of ale. Both bills carry the gross prices only and the net prices nowhere appear. The aggregate of the gross charges for the lager and ale as appears by the bills is $985. The parties agreed however that after crediting two half barrels as returned the amount due for lager and ale as itemized on the bills is $583, and that the defendant gave his check for that amount which was paid in due course. Mr. Ballam says that this was all that was paid him. The defendant, on the other hand, testifies that having been notified the month before that the entire balance due must be paid he had borrowed money from friends and made collections from his customers so that he had in his safe that morning $2,500 in bills which he then paid Mr. Ballam. In that he then paid a large sum of money to Mr. Ballam he is corroborated by his

bookkeeper, his father, a brother and a customer, although these witnesses all acknowledge ignorance of the amount of money paid. The larger bill was receipted in pencil thus:

"Rcd Apl 13
      Ballam Cr 2—2
            Ret"

The smaller bill was receipted in the same manner, exclusive of the credit of the two halves returned. Mr. Ballam testified that he did not intend to receipt for the item of $2,500.

The case was tried in June, 1914, and the jury returned a verdict in favor of the plaintiff for the full amount of the claim $2,739.80. The defendant duly filed a motion for a new trial and upon its denial brought the case to this court on his bill of exceptions.

The bill contains twelve exceptions, the first taken to the exclusion of testimony, the next four to portions of the charge of the court to the jury, the next six to the refusal of the court to charge the jury as requested by the defendant, and the last exception is to the denial of a motion for new trial.

(1) As to the first exception, one James Ricci was on the stand as a witness for the defendant. He testified that he had a conversation with one Andrew Keiley in 1912 about this item of $2,500. It was at that time in evidence that Mr. Keiley was a stockholder in the plaintiff corporation; that at some time before 1910 he had been treasurer thereof and that in 1910 and 1912 he was vice-president of the same, but as such officer had not much to do with the financial management of the company. The witness was asked, "What was that conversation?" An objection thereto was sustained and defendant excepted. It is apparently claimed that, by virtue of the fact that he was vice-president of the company, without any other evidence of his authority to act for it, whatever Mr. Keiley might say in conversation with third persons about a past transaction, with which he personally had nothing to do, would bind the company, if of the nature of an admission against its interest. We think the mere state-

ment of the claim shows its lack of proper foundation. Vol. 1, Am. & Eng. Ency. L. 695. The exception is without merit.

(2)    The second, third and fourth exceptions may be considered together as they refer to the instruction of the court that the burden was upon the defendant to satisfy the minds of the jury by a fair preponderance of the evidence that he had paid the item of $2,500, which instruction was twice repeated in substantially the same form. This instruction was correct and these three exceptions are overruled.

After having given this instruction three times in the course of its charge the court repeated it in an expanded form by reading to the jury and charging the second request of the plaintiff. The fifth exception was taken to this instruction and for the reasons already stated it is overruled.

(3)    The sixth exception was taken to the refusal of the court to instruct the jury as follows: "Any instrument purporting to be a release of any special demand whatever be the consideration expressed therefor shall be construed to have that effect, although no seal be affixed thereto." This requested instruction is in the exact language of a portion of Section 12 of Chapter 253 of the General Laws of 1909. That section gives the same effect to an "instrument purporting to be a release" whether with or without a seal. In other words, it declares a seal unnecessary to the validity of a release. But a receipted bill is not a release. It cannot be claimed to be more than an ordinary receipt given in payment of a sum of money which is only *prima facie* evidence of the facts recited and may, therefore, be explained or contradicted by parol. See *Vaughan* v. *Mason*, 23 R. I. 348, 350. The instruction asked for is not relevant to the present case and was rightly refused.

(4)    The seventh and eighth requests are as follows: "7. An itemized bill marked paid (or received) is a receipt for the items contained in the bill. 8. Where a receipt is written, signed and delivered by a creditor (or his agent) to the possession of a debtor, it is *prima facie* evidence of payment."

We think it was error to refuse to grant these requests. The first request is in effect a request for an instruction that an itemized account marked paid has the same character and effect as a receipt. In *Steffens* v. *Nelson*, 94 Minn. 365, on page 367, it is expressly held that "An itemized bill marked as paid is a receipt of that bill." See, also, *Fleck* v. *Neerenberg*, 85 N. Y. Supp. 379, 380; *Harrison* v. *Harrison*, 9 Ala. 73. The addition of the words "or received" after the word "paid" was proper under the testimony in this case, where two bills signed "Rcd" by the treasurer of the company are admitted by him as having been "receipted" by him. And inasmuch also as the court in its charge refers to the receipted bill as a receipt, it is not easy to understand why it refused to give defendant's seventh request.

We also think the defendant's eighth request to charge should have been granted. Ordinarily a receipt is *prima facie* evidence of payment as recited therein. 30 Cyc. 1224; *Vaughan* v. *Mason, supra; Borden* v. *Hope*, 21 La. Ann. 581; *Northop* v. *Knott*, 114 Cal. 612, 615; *Mallard* v. *Moody*, 105 Ga. 400, 405; *Ennis* v. *Pullman Palace Car Co.*, 165 Ill. 161, 182; *Salazar* v. *Taylor*, 18 Colo. 538, 545; *Dugan* v. *Harris*, 6 Ky. L. Rep. 599. While a *prima facie* case does not shift the burden, it has the effect of requiring the adverse party to go forward with evidence, if he would not have such *prima facie* case result in an established case by the required weight of evidence. 5 Am. & Eng. Ency. L. 31. We think this rule also applies when a defendant, upon whom rests the burden of proving payment, puts in evidence a receipt or a receipted bill as *prima facie* evidence of payment. The adverse party is called upon to explain or to disprove it.

While the ninth request is a correct statement of law the refusal to charge it was not error inasmuch as there was no issue or controversy as to the date of payment.

The tenth request that "A receipt is evidence of the highest and most satisfactory character, and to do away with its force the testimony should be convincing," is a quotation from the opinion in *Winchester* v. *Grosvenor*, 44 Ill. 425, which

(5) has been adopted and approved in later cases in that state as applicable to the weight to be given a receipt as evidence. See *Ennis* v. *Pullman Palace Car Co., supra,* and cases there cited on page 182. While a receipt is evidence of great weight and importance it seems to us, however, that the declaration that it is "of the highest and most satisfactory character" is not justified in view of the fact that it is not conclusive, but may be disputed and contradicted by parol evidence. There are written instruments which the maker thereof cannot thus disprove or contradict; certainly as evidence they are of a higher and more satisfactory character than a receipt. There was no error in refusing the request.

The eleventh request was as follows: "When the evidence on one side is entitled to as much weight as on the other, the receipt will stand." Evidently this was an attempt to have the jury instructed that if upon a consideration of all the (6) evidence in the case, other than the receipt, they conclude that the evidence in favor of one side just balances or offsets the evidence in favor of the other side, then the receipt by virtue of its being *prima facie* evidence of payment satisfies the requirement as to burden of proof and entitles its holder to a verdict. This is what is practically held in *Crawford* v. *Forest Oil Co.,* 189 Pa. St. 415, *In re Rhoads' Estate,* 189 Pa. St. 460, and *Borden* v. *Hope, supra.* As made, the request does not exclude the receipt in comparing the weight of evidence on one side with that of the other and therefore the refusal of the court to charge it was correct.

The requests of the defendant are for the most part open to the criticism that they are bald statements of legal propositions which, if sound, are scarcely suitable as instructions to a jury, without some amplification and some reference to the testimony, in order that they may be of practical assistance in applying the law to the facts.

Is the refusal of the court to grant defendant's seventh and eighth requests reversible error? We think so, and particularly as regards the eighth request.

In connection with the instruction that the burden of proof rested upon the defendant to show payment there should have been some specific instruction as to the legal effect of a receipt or receipted bill in discharging that burden; that such an instrument or paper is *prima facie* evidence of payment; and, if not disproved or contradicted, that it satisfies the requirement as to the discharge of the burden of proof. While the receipted bill was mentioned in the charge as a receipt, there was no instruction whatever as to its importance as a piece of evidence, and inasmuch as the court in its charge repeatedly directed the attention of the jury to the fact that the burden of proving payment was upon the defendant, and nowhere instructed them as to the legal significance of a receipted bill relative to the discharge of that burden, but refused so to do, we do not feel justified in saying that the defendant was not prejudiced thereby. A contrary conclusion is more reasonable. The twelfth exception is abandoned.

The seventh and eighth exceptions are sustained.

All the other exceptions are overruled and the case is remitted to the Superior Court for a new trial.

*James J. McGovern,* for plaintiff.

*John L. Curran, Antonio A. Capotosto,* for defendant.