JESSE LAIRD

*v.*

D. C. WARREN.

1. APPEALS *from Appellate Court — questions of fact.* This court is not authorized to review the rulings of the Appellate Court on controverted questions of fact.

2. NEW TRIAL—*newly discovered evidence.* The court is not justified in granting a new trial to allow the introduction of newly discovered evidence which is merely cumulative, and by no means conclusive.

3. PROMISSORY NOTE—*whether payable out of a particular fund.* An instrument in writing in which the maker promises unconditionally to pay a sum of money by a day named, followed by a recital that the maker has received a lot of cattle of the payee, upon which the maker agrees to give him a lien until the note is paid in full, with interest after maturity, and providing a forfeit of $100, if the note is not paid within twenty days after sale of the cattle, which is not to be made on credit without the consent of the payee, is not payable out of the proceeds of the sale of the cattle, nor is the forfeiture, but the sum named becomes due on the day named, and the penalty on the happening of the contingency.

4. SAME—*penalty for want of prompt payment.* Where a party gives his note for the payment of $1000 on a day specified, and agrees therein to pay a forfeit of $100 if the note is not paid within twenty days after the maker sells his cattle, the $100 will be payable as a penalty upon the happening of the contingency the same as any other debt owed by the maker.

5. EVIDENCE—*by whom may be introduced.* The defendant must sustain his plea of set-off, when interposed, by a preponderance of the evidence before he can recover under it. In doing this the defendant is not limited to the proofs introduced by him, but takes the benefit of evidence in his favor introduced by the plaintiff.

6. PRACTICE—*instruction how to find.* There is no error in instructing the jury that unless they believe from the evidence that the defendant has sustained his plea of set-off by a preponderance of the evidence, to find for the plaintiff as to such plea. It can not be understood as depriving the defendant of the benefit of evidence given on behalf of the plaintiff which favors the defendant.

7. Where a set-off is pleaded with several other pleas, an instruction that unless the defendant has sustained his plea of set-off the jury should find for the plaintiff as to that plea, does not authorize the jury to find for the plaintiff generally, unless the other issues are found against the defendant.

APPEAL from the Appellate Court of the Fourth District; the Hon. TAZEWELL B. TANNER, presiding Justice, and the Hon. DAVID J. BAKER and Hon. JAMES C. ALLEN, Justices.

Messrs. POLLOCK & SON, for the appellant.

Messrs. CREWS & HAYNES, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was an action of debt by appellee against appellant, upon the following instrument:

" $1000. On the 15th day of February next I promise to pay to the order of D. C. Warren the sum of $1000, good and lawful money of the United States, without discount or defalcation, for value. I have this day received of him fifty head of steers, which I agree to give said Warren a lien on, and to remain as surety until this note shall be paid in full, together with ten per cent interest after maturity, and a forfeit of $100 if not paid in twenty days after the sale of said cattle, which sale must not be made on time to any one whatever without consent of said Warren. Signed and sealed before the delivery of said cattle, this 6th day of December, 1861.

JESSE LAIRD. [Seal.]"

The declaration contained a special count in which the instrument is set forth *in hœc verba*, and the common count for goods, wares and merchandise sold and delivered.

Appellant pleaded—1st, a former suit and settlement and payment of the entire cause of action; 2d, *nil debet;* 3d, set-off, and 4th, *non est factum.*

Issues were joined on these pleas, and submitted to a jury, who returned a verdict in favor of appellee for $1010 damages. The court overruled a motion for a new trial, and gave judgment upon this verdict. Appellant thereupon appealed to the Appellate Court of the Fourth District, and that court, at its February term, 1878, affirmed the judgment of the circuit court. The cause comes here by appeal from that judgment.

The errors assigned are that the Appellate Court erred—1st, in refusing to reverse the judgment of the circuit court, because the verdict of the jury is manifestly against the weight of evidence; 2d, the Appellate Court erred in refusing to reverse the judgment of the circuit court in overruling appellant's motion for a new trial, upon the ground of newly

discovered evidence presented; 3d, in refusing to reverse the judgment of the circuit court because of the introduction of improper evidence on behalf of appellee; 4th, because of improper instructions given for appellee, and proper instructions refused appellant.

We shall notice these in the order of their assignment:

1st. Since there was evidence tending to sustain the verdict, it is sufficient. We are not authorized to review the rulings of the Appellate Court on controverted questions of fact. Laws of 1877, § 89, p. 153.

2d. The newly discovered evidence consists of declarations claimed to have been made some time before by appellee, in the presence of third parties who were in nowise interested in them, in regard to the amount appellant owed him. Such evidence is always to be received with great caution, because of the liability of the witness to misunderstand the words or misapprehend their meaning. In the present instance it is manifest the evidence, had it been introduced, would have been cumulative merely, and by no means conclusive, and the circuit court would not, therefore, have been justified in granting a new trial simply that it might be introduced. *City of Chicago* v. *Hislop*, 61 Ill. 86; *Knickerbocker Ins. Co.* v. *Gould*, 80 id. 388; *Dyer* v. *The People*, 84 id. 624.

3d. The improper evidence claimed to have been admitted on behalf of appellant was the instrument upon which the suit is brought. As before observed, that instrument was set out, *in hœc verba*, in the special count. Our attention has been called to no variance between the instrument recited in the count and that given in evidence, and we have, from our own inspection, been unable to discover any.

We can not agree with counsel for appellant in the construction they seek to have given to this instrument—that it is payable out of the proceeds of the sale of the cattle.

The $1000 is payable on the 15th of February next after the date of the execution of the instrument, without condition or qualification, and a lien on the cattle is simply given to

secure the payment; nor is the forfeit payable out of the proceeds of the sale of the cattle. It is payable as a penalty for the non-payment of the $1000 within twenty days after the sale of the cattle. The happening of the specified contingency makes it a debt due from the appellant, to be paid as any other debt owed by him.

4th. The first of appellee's instructions objected to by appellant is as follows:

"The court instructs the jury, for the plaintiff, that the note is *prima facie* evidence of indebtedness, and must be overcome by a preponderance of the testimony; and unless you believe from the evidence that defendant has sustained his plea of set-off by a preponderance of the evidence, then you should find for the plaintiff as to this plea."

The objection urged is, that it requires that the preponderance shall be made up of testimony introduced by the defendant, and that although defendant may have failed on this point, the plaintiff was not entitled to recover unless the other issues were also found against him.

We do not regard either of these positions as tenable. The instruction does not tell the jury by whom the evidence must be introduced. It is but reasonable to assume that the jury, being composed of men of fair sense, would understand that any evidence, by whomsoever introduced, tending to make for the defendant, would be evidence for him, and by which he would have a right to sustain that part of his defence to which it was pertinent. We can not believe that any ordinary jury would understand that, under this instruction, the defendant is limited to the proofs which he introduces, and can not have the benefit of evidence making in his favor introduced by the plaintiff.

The jury are expressly limited by the language of this instruction to the finding upon this particular issue—so that, regarding it, it is impossible they should allow it to control or be affected by other issues.

The objection to the other instruction of appellant is precisely of the same character, and what has been here said will equally apply to it.

The instructions are all proper, and there was no error in giving them.

The instruction asked by appellant and refused by the court takes a partial view of the case, and is argumentative. It was properly refused.

Perceiving no ground for disturbing the judgment of the Appellate Court, it is affirmed.

*Judgment affirmed.*