## CHARLES H. STARKWEATHER

*v.*

## NELLIE MAGINNIS, Exrx.

*Opinion filed April 16, 1902.*

1. EVIDENCE—*receipts may be explained by oral testimony.* A party to whom receipts for rent have been given, may explain, by oral testimony, why the receipts ran in the name of another person than himself.

2. TRIAL—*court may refuse peremptory instruction asked after series has been given.* The court may refuse a peremptory instruction to find for the plaintiff, asked after the issues have been submitted to the jury upon instructions given at the request of each party.

*Starkweather* v. *Maginnis*, 98 Ill. App. 143, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

MASON BROS., (HENRY E. MASON, of counsel,) for appellant.

J. M. H. BURGETT, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The probate court of Cook county allowed a claim filed by appellant, Charles H. Starkweather, against the estate of Patrick J. Maginnis, deceased, of which appellee is executrix. On appeal to the circuit court there was a trial and a verdict against appellant, and judgment was entered against him for costs. The Appellate Court affirmed the judgment.

Plaintiff leased certain premises in Chicago to Thomas F. Brady, and Patrick J. Maginnis guaranteed the payment of the rent and a performance of the covenants of the lease by Brady. The claim was for rent, and the defense was that plaintiff evicted Brady from the demised premises and leased the same to Patrick J. Heffron, whom

he put in possession, and that Brady was thereby excused from the payment of the rent guaranteed by Maginnis. Heffron testified to the eviction, and that he rented the premises and took possession of them and was to pay $500 a month as rent. Checks of Heffron and receipts of plaintiff were put in evidence showing such payment. The receipts ran to T. F. Brady, and it is alleged as error that the court permitted Heffron to explain how he came to take receipts in that way. Receipts may be explained orally, and there was no error in the admission of the evidence. *Carr* v. *Miner*, 42 Ill. 179; *Reading* v. *Traver*, 83 id. 372.

Counsel for appellant argued at length that the verdict was against the clear preponderance of the evidence, but that question has been finally settled by the Appellate Court. They also say that under any aspect of the case the court should have instructed the jury to find a verdict for the plaintiff. No instruction of that kind was asked before the submission of the case to the jury. The issues were submitted to the jury upon instructions given at the request of each party, and the abstract shows that after the giving of such instructions the plaintiff, by his counsel, asked the court to give a peremptory instruction to find for him, which the court refused. It was not error to refuse it at that time. (*Calumet Electric Street Railway Co.* v. *VanPelt*, 173 Ill. 70.) Moreover, it is apparent that the court would not have been justified in giving such an instruction if asked at the proper time. If the testimony of the witness, Patrick J. Heffron, was true, there was an eviction of the tenant, Brady, and no further liability for rent. The plaintiff contradicted Heffron, but the determination of the controverted questions of fact depended upon the credibility of the witnesses in connection with all the facts and circumstances proved, and the court would not have been authorized to direct a verdict.

There is no error in the record and the judgment of the Appellate Court is affirmed.    *Judgment affirmed.*