## Mary Fitzgerald v. James Coleman.

### Gen. No. 4,292.

1. ADMISSIONS—*competency of.* The admissions of a party against his interest, which tend to support the theory of his adversary, are competent against him, and it is error to refuse to receive them.

2. RECEIPT—*how far, conclusive.* A receipt is ordinarily high and satisfactory evidence of the truth of its recitals, but it is always open to explanation by parol evidence.

3. BURDEN OF PROOF—*to overcome receipt.* An instruction is proper which tells the jury that the burden of proof is upon the adverse party to overcome the recitals of a receipt by clear and unmistakable evidence.

Distress for rent. Appeal from the County Court of La Salle County; the Hon. WILLIAM H. HINEBAUGH, Judge, presiding. Heard in this court at the October term, 1903. Reversed and remanded. Opinion filed May 11, 1904.

EDWARD J. KELLY and JAMES J. CONWAY, for appellant.

BROWNE & WILEY, for appellee.

MR. JUSTICE VICKERS delivered the opinion of the court.

This is a suit commenced by a distress warrant to collect $325 rent claimed to be due appellant from appellee for the year 1902. Appellee leased an 80 acre tract of farm lands

from Mrs. Fitzgerald in March, 1894, at an annual rental of $325. The first leasing was for two years beginning March 1, 1894, and before this lease expired another was made, extending two years from the expiration of the first, and thereafter successive leases were made continuing appellee's tenancy, so that altogether he occupied the premises nine years. There is no dispute respecting the rent to be paid; it was $325 per annum in all the leases.

Appellee made numerous payments on the rent from time to time, and now contends that the aggregate of all his payments equals the full amount of the nine years' rent. Appellant, claiming he was in arrears for the year 1902, on the 26th day of February, 1903, commenced this suit by a distress warrant which was levied upon a crib of corn grown on the premises. The distress warrant recited that the said "James Coleman was justly indebted to Mary Fitzgerald in the sum of $325 for one year's rent due on the 15th day of February, 1903." The distress warrant being filed in the County Court, a plea was filed thereto denying that appellee owed appellant said sum of money or any part of it. A trial was had by a jury resulting in a finding for the appellee, upon which judgment was rendered against appellant for costs, from which this appeal is prosecuted.

The appellant has assigned and argued numerous errors, but in the view we take of the case it will not be necessary to discuss them all. The case was submitted to the jury on the issue of payment. Appellee contended he had paid the rent for the year 1902, and also for the whole of his term, and that there was nothing whatever due appellant. The testimony of appellant tended to show that the rent for 1902 and even more was due and unpaid. The constable who served the distress warrant testifies that appellee told him in February, 1903, on more than one occasion, that the rent was not due and that " he could not see how an attachment could be levied on his corn when the rent would not be due until September, 1903." Patrick Manley, who was in company with the constable when the distress was served, also testifies that appellee said the rent was not due.

Fitzgerald v. Coleman.

Appellant offered to prove by John H. Carlin that appellee stated to him in January, 1903, that he owed appellant one year's rent, but that appellee claimed it would not be due until the following September. This evidence was not admitted by the court and appellant excepted. We are unable to conceive of any theory that would exclude evidence of admissions of a party against his interest and tending directly to support the appellant's theory of the case. This evidence stands upon the same footing as that of the constable and the witness Manley. It was a question of fact that was controverted before the jury whether appellee owed rent for the year 1902, and appellant was clearly entitled to the voluntary admissions of appellee upon that question, and its rejection was error.

Appellee testified that the rent was all paid, and that he did not owe any amount whatever when the distress was served upon him. He also introduced his sister as a witness who testified that the rent was all paid, but it is apparent that this witness knew very little about the dealings between the parties except what she learned from appellee and from examining certain receipts which appellee brought home and delivered to her. Excluding her statements based on hearsay there is but little left of her evidence that has any bearing on the issues.

The principal reliance of appellee to make out his defense of payment is based on a receipt dated at Ottawa, November 13, 1902, for $325, signed by Ben. F. Brady, attorney for appellant, and purporting on its face to be " in full payment for rent due appellant to March 1, 1903." Mr. Brady is an attorney at law and lives in Ottawa. Mrs. Fitzgerald placed a claim for $325 in his hands for collection against appellee. After sending a notice and a personal call on appellee, Mr. Brady collected $325. The money was paid to him at his office. Mr. Brady had not seen his client, nor had he seen the lease, and did not know what period was covered by the claim he had. Mr. Brady testifies that when he went to write the receipt he asked appellee to what time this paid the rent and he said " to March 1,

1903," and thereupon the receipt was drawn, in full for all rent to March 1, 1903. Appellee denies telling Mr. Brady anything whatever about the receipt and says he wrote it himself without any suggestions from him.

While a receipt is, ordinarily, very high and satisfactory evidence of the truth of its recitals, still it is always open to explanation by parol testimony. Reading v. Traver, 83 Ill. 372; Carr v. Miner, 42 Ill. 179; Rand v. Scofield, 43 Ill. 167; Paris v. Lewis, 85 Ill. 597; Starkweather v. Maginnis, 196 Ill. 274; Spitzer v. Williams, 98 App. 146.

It is contended the court erred in instructing the jury that the burden of proof was on appellant to overcome the recitals in the receipt by clear and unmistakable evidence. The instructions on this question are in almost the language of our Supreme Court in Winchester v. Grosvenor, 44 Ill. 425, and the rule there announced has been followed in numerous later cases. *Prima facie* the receipt offered was evidence of the payment of all rent up to March 1, 1903. The genuineness of the signature and the general integrity of the receipt was not questioned, but the contention was that the receipt had been signed by Mr. Brady without proper knowledge of the facts and through information given him by appellee. Upon this question appellant had the burden of proof to overcome the receipt by clear and unmistakable evidence, and there was no error in the instructions of the court, when considered as a series, on this question. Levi v. Karrick, 13 Iowa 344; Ennis v. Pullman Palace Car Co., 165 Ill. 161. It was a question of fact for the jury to determine whether the evidence offered was sufficient to overcome the recital in the receipt and since this cause must be submitted to another jury we will not express any opinion on that point.

By the modification of instruction No. 4 asked by appellant, and by instructions 27 and 30 given for appellee, the court instructed the jury that the burden of proof was on appellant to prove that the rent for the year 1902 was not paid. The defense of payment is an affirmative defense and the burden is on the party alleging it to make out

such defense by a preponderance of the evidence.    Laird v. Warren, 92 Ill. 204.

The fact that the suit is commenced by a distress warrant which recites that the rent is due and unpaid, to which the defense of payment is interposed, affords no reason for departing from a rule of evidence so firmly established as the one requiring the party who sets up an affirmative defense to prove it by a preponderance of the evidence.    There was therefore manifest error in modifying instruction No 4. and in giving 27 and 30 for appellee.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*