David Stephens, Appellant, v. John A. S. Neilson, Appellee.

Gen. No. 5,039.

1. INSTRUCTIONS—*when, as to right to disregard testimony of witness, erroneous.* Contradiction or direct impeachment do not confer upon a jury the right entirely to disregard the testimony of a witness.

2. INSTRUCTIONS—*when, as to preponderance of evidence, misleading.* Held, that under the facts of this case, an instruction was misleading which told the jury that it was necessary for the plaintiff to make out his case by a preponderance of the evidence and that if the jury found that the evidence was evenly balanced, then the jury should find for the defendant.

Distress for rent. Appeal from the Circuit Court of Lee county; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the April term, 1908. Reversed and remanded. Opinion filed August 10, 1908.

BROOKS & BROOKS, for appellant.

WOOSTER & EDWARDS, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

John A. S. Neilson in August, 1905, rented a farm from David Stephens for the year March, 1906, to March 1, 1907, and gave notes for part of the rent. One of these notes became due March 1, 1906. On June 25, 1906, the landlord issued a distress warrant for the sum of $238.84, claiming that sum was due and unpaid for rent. The defendant filed the general issue. On the trial the defendant claimed he had paid all the rent due, and produced a receipt for $250 signed by the landlord. The jury returned a verdict for the defendant. The court overruled a motion for a new trial and rendered judgment on the verdict. The plaintiff prosecutes this appeal.

The appellant admitted the signature to the receipt

was his writing, but claimed it had been torn off from another paper and that the receipt had been wrongfully written over his signature. The body of the receipt was in the writing of appellee. The evidence of the parties was in direct conflict. There also was evidence impeaching the reputation of the appellant for truth and veracity. In that state of the case the court gave the following instruction:

"You are instructed that in determining the question of fact in this case, you should consider the entire evidence introduced by the respective parties; but the jury are at liberty to disregard the statement of all such witnesses, if any there be, as have been successfully impeached either by direct contradiction or proof of having made different statements at other times, or of proof for bad reputation for truth and veracity in the neighborhoods in which they live, except in so far as such witnesses have been corroborated by other credible evidence or by facts or circumstances proven on the trial."

A jury may only disregard the evidence of a witness, when from the evidence they believe such witness has wilfully and knowingly sworn falsely to some matter material to the issues. It is not sufficient that the witness be contradicted or may make contradictory statements or be mistaken or that his reputation for truth and veracity be impeached. Such matters affect the credibility of the witness. Before the jury have the right to disregard the evidence of a witness they must believe from the evidence that the witness has wilfully and knowingly sworn falsely to some material matter. Beedle v. People, 204 Ill. 197; Matthews v. Granger, 196 Ill. 164; Healy v. People, 163 Ill. 372; Perkins v. Knisely, 204 Ill. 275; Chicago City Ry. Co. v. Ryan, 225 Ill. 287; Godair v. Ham Nat. Bank, 225 Ill. 572.

The second instruction given for the appellee was misleading. It told the jury that it is necessary for the plaintiff to make out his case by a preponderance of the evidence, and if the jury find the evidence evenly bal-

anced then the jury will find for the defendant. The defendant did not deny making the note and lease, and assumed the burden of proving payment. When the receipt had been proved and admitted in evidence, then the burden of explaining or contradicting it was upon the party executing it. If the proof offered to impair the written receipt neutralized or balanced the proof offered in its support, the receipt must be given its *prima facie* effect. Winchester v. Grosvenor, 44 Ill. 425; Ennis v. Pullman Car Co., 165 Ill. 161; Fitzgerald v. Coleman, 114 Ill. App. 25.

Where the evidence is in such irreconcilable conflict the jury should be accurately instructed. For the error in giving the appellee's first instruction the judgment is reversed and the cause remanded.

*Reversed and remanded.*