## William Ledwell, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 15,396.

1. EVIDENCE—*when refusal to strike irresponsive answer will not reverse.* Erroneous refusal to strike an irresponsive answer will not reverse in the absence of hardship appearing to have resulted.

2. TRIAL—*effect of remarks addressed to court.* A remark by counsel addressed to the court in the presence of the jury will not necessarily constitute ground for reversal; the proper practice is for the complaining party to ask an instruction removing the effect of such remark.

3. TRIAL—*conduct of court.* A display of irritation by the court will not work a reversal unless prejudice appears to have resulted.

4. TRIAL—*what remarks of counsel will not reverse.* Certain language reflecting on the defense made, *held*, not ground for reversal; likewise that it was not improper for counsel to specify the size of the verdict which he thought should be rendered.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. Opinion filed April 7, 1911.

GEORGE W. MILLER, for appellant.

JAMES C. McSHANE, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court.

The appellee, hereinafter called the plaintiff, brought suit against the appellant, hereinafter called the defendant, for injuries alleged to have been sustained while boarding a car on its line in the city of Chicago, in April 1906.

The declaration contained but one count, which seems to have stated in a proper manner the plaintiff's claim.

There was a trial before the court and jury, resulting in a verdict for the plaintiff. The case is before us

on an appeal by the defendant, which insists that the judgment rendered upon the verdict should be reversed because the weight of the evidence is in favor of the defendant; because the court committed error in the admission of evidence, and because of improper remarks alleged to have been made by plaintiff's counsel in his argument, and the alleged error of the court in ruling on objections to some of them.

The plaintiff's testimony was to the effect that the car which he was about to take was moving in a northerly direction on Halsted Street; that as the car approached he signaled for it to stop, and that the car when it reached the usual place of stopping on the north side of the cross street, Garfield boulevard, was going at a very slow rate of speed, not faster than a man could walk; that the plaintiff was standing about forty or fifty feet north of Garfield boulevard and was waiting for the car as it approached; that he reached for the right handle bar with his right hand, took hold of the left handle bar with his left hand, lifted himself up, and as he got his two feet on the first step the car started with a jerk, which threw him off; that there was a man standing beside him and that he struck this man with his right shoulder, fell on the ground on his left side and fractured his left hip.

On behalf of the defendant there was evidence tending to show that when plaintiff boarded the car the car had already reached a point about 105 to 110 feet north of the cross street and was going at a rate of about seven miles an hour, and it is insisted by the defendant that the evidence shows that there was such contributory negligence on the part of the plaintiff as that he should not be allowed a recovery.

We have carefully read the abstract of the testimony of the five witnesses on the part of the plaintiff, and the four witnesses on the part of the defendant, who testified as to the manner in which the accident occurred, and are unable to agree with the appellant that a preponderance of the evidence is not in favor of

the plaintiff. While there was sharp conflict in the testimony in some respects, we think that the verdict of the jury should be allowed to stand, if reversible error is not shown to have been made in the admission of testimony or in rulings on objections made to statements of the plaintiff's counsel.

On the re-direct examination of the plaintiff, he was asked this question: "From the time the car jerked—or when the car jerked, did you have a chance or opportunity to hold tight?" Objection was made by the defendant to this question on the ground that it was asking for a conclusion of the witness. The objection was overruled, and exception by the defendant taken. Thereupon the plaintiff's attorney added to the question the words, "To tighten your hold or not," and the answer came, "No, I don't think I had." This question was called out on the re-direct examination by reason of the cross-examination to which the witness had been subjected in regard to the matter. In the case of Casey v. Kelly-Atkinson Company, 240 Ill. 416, a witness was allowed to testify that there was plenty of time between a certain conversation and the time the traveler started to run, in which the traveler could have been fastened; the traveler being a mechanical contrivance the operation of which was alleged to have caused the death of the intestate. Objection was made that this was a mere conclusion of the witness. The court held:

"We do not so regard it, and do not see any substantial difference between the statement as given and giving the time between the conversation and the moving of the traveler, and the time necessary to fasten the traveler."

Upon this authority, we think the trial judge was justified in holding that the question propounded to the witness in the present case was not improper as calling for a conclusion. Furthermore no objection was made to the question as amended and therefore the point was not preserved.

It is to be noted also that in replying to a question by the defendant's counsel—"So that all you had to do was to tighten the muscles of your hand, wasn't it?" witness answered—"Yes, if I could tighten them quick enough," and no objection was taken.

On cross-examination one of the plaintiff's witnesses, a police officer, was asked, "How long was he on that step in point of seconds before the car gave the jerk?" Answer: "Probably one second." Question: "Did he make any effort that you saw to lift either of his feet from that first step up to the platform of the car?" Answer: "He didn't have time." A motion to strike the answer out as not being responsive was overruled. While we think that the motion should have been sustained, we do not think that the refusal of it worked such hardship on the defendant as to require a reversal of the judgment.

A witness for the defendant named Zoller had been visited by someone in behalf of the plaintiff before the trial, and it was alleged he had signed a statement. On his cross-examination plaintiff's counsel started to ask him some questions based on what was alleged to be in the statement. On objection being made by the defendant's counsel, the attorney for the plaintiff stated, "It is to show he didn't say any of these things he now says, it is a whole statement of—it is significant by its silence." This statement is objected to as having been made in the presence of the jury. The statement was addressed to the court.

If an instruction had been requested by the defendant to the effect that the jury should not allow themselves to be influenced by remarks addressed to the court by counsel, it undoubtedly would have been given. It is true that where statements are made to the court with the obvious intention of influencing the jury, they sometimes constitute reversible error (Wiersema v. Lockwood & Strickland Co., 147 Ill. App. 33), but we are unable to gather from this record that such

was the purpose in making the statement just referred to.

Complaint is made that in this same connection the trial court prejudiced the defendant by interrupting defendant's counsel in the middle of a sentence and saying—''Take an exception to the court's ruling then.'' While it may be that the court showed irritation, as claimed by the defendant's counsel, we do not think that the remark was calculated to influence the jury in such a way that it should cause a reversal.

Objection is also made to the method and manner of plaintiff's counsel in the cross-examination of the witness as to other matters apparently referred to in the statement. However, in most instances he denied that he had made the statement, and the paper itself was not allowed in evidence.

In our opinion, the answers did not and could not have prejudiced the defendant, and we think the court committed no error in his rulings upon the objections made.

Objection lastly is made to statements of plaintiff's counsel in his argument to the jury. Referring to the testimony of one of the defendant's witnesses, the motorman, counsel for plaintiff stated:

''He is interested in shielding himself from blame. He practically stands alone in this case in support of this crazy defense, but it is the only one that the case will stand. And they will have a defense, you know. They won't tell you what it is, but you can bet your life that up their sleeves some place they have got something that looks like a defense.''

Defendant's counsel objected, whereupon the court said, ''It is not very elegant language. I will sustain the objection.'' Plaintiff's counsel then said, ''I only mean they urge this as a defense. It is not a defense. It is not one that good, sane men could believe.''

We have carefully examined the cases referred to by the appellant—Wiersema v. Lockwood & Strickland Co., *supra;* C. U. T. Co. v. Faurot, 136 Ill. App. 347;

I. C. R. R. Co. v. Seitz, 111 Ill. App. 242; and other cases cited by the appellee, N. C. St. R. R. Co. v. Cotton, 140 Ill. 486; West Chicago St. R. R. Co. v. Annis, 165 Ill. 475; Com. El. Co. v. Rose, 214 Ill. 545, and are of the opinion that the case should not be reversed because of the remark.

In the case of The People v. McCann, 247 Ill. 130, the Supreme Court quoted with approval the language used in Spahn v. The People, 137 Ill. 538, as follows:

"While arguments of that character are not to be approved or looked upon with favor, still they will not ordinarily be deemed sufficient to necessitate a reversal of the judgment unless they are of such a character as to raise an inference that the jury were probably misled or improperly influenced thereby."

The court also quotes with approval the language used in Bulliner et al. v. People, 95 Ill. 394:

"The matter is one which must in any case be very largely entrusted to the discretion of the presiding judge."

Complaint is made also of the language used by counsel for the plaintiff—"I am going to ask you when the right time comes—it is my claim that this evidence warrants a verdict in this case, if it warrants a cent, of at least $7,500."

A similar statement by the plaintiff's counsel in the case of Graham v. Mattoon City Ry. Co., 234 Ill. 483, was held to be proper.

We find no reversible error in the record.

*Judgment affirmed.*